UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

REUBEN RAMOS,

               Plaintiff,

- against -

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 6204 (BMC)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 20 2012 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

Plaintiff, appearing *pro se*, brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking review of the determination of an Administrative Law Judge ("ALJ") that he is not disabled. Before the Court is the Commissioner of Social Security's motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. For the reasons set forth below, the Commissioner's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff filed a Title II application for Social Security benefits on November 3, 2004, alleging that he became disabled on October 1, 1996, due to a nervous condition, headaches, neck pain, and a prostate problem. By decision dated September 13, 2006, an ALJ denied plaintiff's claim because he found that plaintiff was not disabled on or before his date last insured. The Appeals Council denied plaintiff's request for review, and plaintiff filed a civil action in this Court on November 27, 2007. By Memorandum Decision and Order dated July 17,

2008, I granted the Commissioner's motion for judgment on the pleadings. See Ramos v. Comm'r of Soc. Sec., No. 07-CV-4967 (E.D.N.Y. Jul. 18, 2008).

Plaintiff filed another application for disability insurance benefits on April 15, 2009. This application was denied ten days later because it concerned the same issues and time period that were considered in plaintiff's earlier claim. Plaintiff requested reconsideration, and by Notice of Disapproved Claim dated June 29, 2009, the Social Security Administration ("SSA") informed plaintiff that the initial determination was correct and that his application was barred by the doctrine of *res judicata*.

Plaintiff filed a request for hearing on July 2, 2009. On June 23, 2011, the ALJ dismissed plaintiff's request for hearing on the basis of *res judicata*. Plaintiff requested Appeals Council review of the ALJ's Order of Dismissal on July 5, 2011. On October 11, 2011, the Appeals Council denied plaintiff's request for review. Plaintiff then commenced this action seeking judicial review.

## DISCUSSION

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate [the case]." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. See id. (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). When a plaintiff proceeds *pro se*, this Court affords his complaint "special solicitude" and interprets it to raise "the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

Judicial review of the Commissioner's adjudications of claims arising under Title II of the Social Security Act ("the Act") is provided for and limited by 42 U.S.C. §§ 405(g) and (h).

According to § 405(g), judicial review is authorized only after a "final decision of the Commissioner of Social Security made after a hearing." Accord Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980 (1977) (section 405(g) "clearly limits judicial review to a particular type of agency action"). Two basic requirements must therefore be satisfied for this Court to exercise jurisdiction over a Social Security appeal: 1.) the plaintiff must have been afforded an administrative hearing; and 2.) the Commissioner's decision must have been "final" within the meaning of the Act. See id. Both requirements are unsatisfied here.

With respect to the first requirement, plaintiff was not afforded an administrative hearing on his instant claim. Under the Act, a petition to reopen a prior final decision may be "denied without a hearing." Id. (citing 42 U.S.C. § 405(b) (1970 ed.)). Pursuant to this authority, the ALJ determined that no hearing was necessary on plaintiff's new claim because the claim was barred by *res judicata*. This determination rendered plaintiff's complaint unreviewable by this Court. See Katsoulakis v. Astrue, No. 10-CV-0081, 2011 WL 3877080, at *3 (E.D.N.Y. Aug. 31, 2011) ("'When there was no hearing and determination of the merits by a final decision, there is no final decision for the court to review . . . .'" (quoting Plagianos v. Schweiker, 571 F. Supp. 495, 497 (S.D.N.Y. 1983))). With respect to the second requirement, "the Commissioner's decision not to reopen a prior determination is not a final decision for purposes of § 405(g) and thus is generally unreviewable even if there was a hearing in the case." Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003).

Although plaintiff has not met either of § 405(g)'s requirements, the Second Circuit has held that courts may nevertheless review the Commissioner's decision not to reopen a disability application under two limited exceptions: "where the Commissioner has constructively reopened the case and where the claimant has been denied due process." Id. A case is deemed

"constructively reopened" when the ALJ "reviews the entire record and renders a decision on the merits." Id. That did not occur here; this exception therefore does not apply. Plaintiff also does not challenge the Commissioner's decision on constitutional grounds. Even reading plaintiff's *pro se* complaint to raise the best possible claims, this Court finds no indication of the kind of due process issues that justify reviewing an ALJ's decision despite a plaintiff's failure to satisfy § 405(g). See, e.g., Hatcher v. Barnhart, No. 06-CV-999, 2006 WL 3196849, at *3-5 (E.D.N.Y. Nov. 4, 2006) (inadequate notice of a hearing can raise colorable constitutional claim).

## CONCLUSION

The Commissioner's motion is granted and this case is dismissed.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
June 19, 2012

4